Good afternoon, Council. Good afternoon, Your Honor. Good afternoon, Judge. Mr. Eichmann, are you ready to proceed with your argument? I am, thank you. Please go ahead. Thank you. Good afternoon. May it please the Court, Justin Eichmann, appearing on behalf of Lund-Ross Constructors, Inc. Lund-Ross is the plaintiff and the adversary proceeding below and appellant before the panel presently. As I begin, I'm grateful for your time this afternoon in considering this effort that you've put forth in this case. I initially, just for the panel's information, I'd reserved a minute and a half for rebuttal, so I'll do my best to close here when the clock shows eight and a half minutes. For purposes of today's argument, I feel as if there's two really relevant arguments to talk about. The first one, I think we can go through fairly quickly, and that is with respect to the Bankruptcy Court's summary judgment order itself. Specifically, it's finding that under the record presented, there were not a set of facts that it could find to find liability against the Buchanan's under any sort of non-bankruptcy law, which would then be subject to a determination of whether it was dischargeable. Like I said, I think that was essentially what was argued before the Bankruptcy Court and what the Bankruptcy Court determined. And then there's a second issue of res judicata, which is argued in the brief of appellees, which I'd like to argue today as well. Like I said, as to this first issue, I'll be as brief as possible. On that initial order, I think the Bankruptcy Court identified the two-step analysis in this dischargeability approach in this adversary proceeding, and frankly focused on that first step, which was whether or not the plaintiff can establish that the debtor is liable on an enforceable obligation under any sort of non-bankruptcy law. And I think what the court did is the court identified the general rule under this non-bankruptcy law that under Nebraska law, which is that, and it's similar, I think, in most states, individual members and managers of a limited liability company are generally not liable for the debts or obligations of that company absent proceeding forward on a cause of action to pierce the corporate veil. And I think that's where the court stopped. I think, unfortunately, that general rule, while I agree that that is the general rule, Nebraska goes on to identify an exception to that rule. And I've cited these cases in my brief. In fact, the first one I cite is the In Re White case. That was actually decided by the Bankruptcy Court here in Nebraska in 2004, where the exception to the rule is laid forth. It says, however, it's clearly established in liable for fraudulent acts or false representations of his own, or on which he participates, even though his actions may be in furtherance of corporate business. And importantly here, too, it provides when a tort action is brought against an officer or director, there is no need to pierce the corporate veil. Mr. Eichmann, did your complaint include the actual fraud claim only? Correct. I did not include a claim to pierce the corporate veil. And I think that that's allowed under what we're talking about here in White, where it identifies that under this kind of a tort action, there's no need to pierce the corporate veil. Liability can be opposed if the tort element are satisfied. So let's move on to the race judicata argument. As I read Judge Saladino's ruling, he says that the trustee's objection to claim, because there was no objection and he entered an order on that objection, sustaining it, that then the motion for summary judgment, any of the issues raised are race judicata. Can you tell me how you differentiate between the claim you filed, the proof of claim, and the AP, if there is any difference between those two? Well, I guess, yeah, I can. Thank you, Your Honor. I appreciate that lead in. I guess I would answer it two ways. Okay. Number one, I think it's important to look at what the trustee was process and what the bankruptcy's court determination was in that process. And I think what's also helpful is to look at the way the bankruptcy court characterized that process when it was deciding the adversary proceeding. The trustee objected to various claims here because initially they were listed, number one, as corporate debts and not personal debts in the case. And the trustee indicates here that none of the listed claims includes any evidence of a personal guarantee. So, as it characterizes its own sustaining of that objection in its adversary proceeding summary judgment order, the bankruptcy court indicates that the alleged debt is represented by this proof of claim, which contains invoices for these subcontracts. Those documents all reference signature. None of them named the Buchanan's. After hearing the court sustained the trustee's objections, finding that the invoices were all addressed to the business at the business's address, and there was no evidence the Buchanan's personally guaranteed the debt. I think what the court decided in the claims process was limited to those two things. The invoices were addressed to the signature electric and not the Buchanan's, and that there's no evidence of a personal guarantee. Neither of those things are contested in the adversary complaint where I think fraud is the issue and the extent to which the debtors are liable for their fraud, which then shifts those corporate debts that we're talking about in the case. If you had the adversary proceeding, as I understand, the docket was pending before you filed the proof of claim. Can you tell me why you didn't object to the proof of claim to ensure that there wouldn't be any confusion? Well, yeah, certainly. A couple of different considerations were present when that was going on. Obviously, the court indicated we had the previously pending adversary complaint. Obviously, there are some limitations to what we can and can't do in that claims process. It was my feeling at the time through that adversary, the pre-existing adversary, we had a discovery process. We had a discovery plan put down. We would go through all of the formalities of a trial there and run through all of that procedure. I thought that was a better opportunity to fully and fairly litigate the proceeding. The other thing that I was looking at and argued a little bit in my brief too, there was no objection by the Buchanan's to having these two issues run simultaneously. I tried to cite in my brief the law out there where without that is waived by the Buchanan's when they don't make that objection should there be some sort of inconsistent ruling in the two actions that were running at least simultaneously. I think the last consideration I made, your honor, I mentioned it in my reply brief as well. That is the opportunity that the bankruptcy court has to frankly reopen and reconsider the allowance or disallowance of claim. I felt as if moving through the process of an adversary with the type of procedure that we had, that that certainly would, if the decision, the adversary process came out favorable to Lund-Ross, that would certainly be that cause or opportunity for the bankruptcy court then to reconsider its disallowance of the claim. Mr. Eichmann, you would agree, wouldn't you, that the claim is a right to payment? Yes. So if your claim is disallowed, wouldn't you say you do not have a right to payment? Well, I guess what I would go back to is, I think we were deciding two different things in each of the proceedings, but I think because of kind of the materials that I just went through, with the pre-existing adversary complaint pending, I felt that going through that process could still be allowed and not subject to restitution. I think that's a good point. I'm not sure I'm going the route of res judicata. I guess what I'm indicating is, how can you maintain a 523 action if there's no claim? Well, because I don't have any objection to the decision made in the claims process that the invoices were sent to Signature Electric, they were initially debts of Signature Electric, and there's no personal guarantee. I'm using the adversary process to prove the fraud, which then takes those debts and creates personal liability for the debtor. You're on mute, Chuck. Would you allow me one question, even though the time has expired? Yes. So my problem is that, wasn't it incumbent upon you, because I don't think the order disallowing the claim was limited to just saying your client didn't hold a claim based on contract. The order disallowed the claim. So wouldn't that encompass any and all bases for your client's claim? I understand your argument about the two different matters, but an order was entered disallowing the claim, not limited in the manner that I suspect you would like it to be limited. Wasn't it incumbent on you at the time to either seek reconsideration of the order because of your argument regarding fraud or appeal on the basis that your claim was not based on alter ego or piercing the corporate veil? It was based on the fraud of the debtor. Yeah. Thank you, Your Honor. I think because the claims process and the adversary proceeding were running at the same time, if we don't have an objection by the defendant or the debtor in this case to considering the viability of a claim in two separate proceedings here, I think without that objection, the debtor waives that defense. I don't know that it was incumbent on me because there was no objection to that from the get-go. Thank you, Mr. Eichmann. Thank you. Appreciate it, Your Honors. Mr. Daniel. Good afternoon, Your Honor, and may it please the court, my name is Scott Daniel. Can you hear me well enough? Yes. Okay, thank you. I represent the Apple East, Mr. and Mrs. Buchanan. At the outset, I want to apologize. I have a cough, a non-COVID-related cold that I get every year, and it's annoying for me, and if I cough, it will be annoying for you, and I apologize for that. The bankruptcy court's order, and we have argued in our brief, and we argued at the time, resolved the issue of whether or not there was a debt for which... Now, is that really correct? Because what the bankruptcy court ruled, and what the trustee objected to, is the claim that was filed under the proof of claim. There hasn't been any determination on whether or not there's a debt owing for fraud, is there? Well, no, there hasn't been any determination, as I understand it, on any of the issues on fraud. Okay, so let me just stop you there, because in the adversary proceeding, did you file a motion to dismiss based on failure to state a claim because there was no liability? Well, we did not. What we did was, that's when we filed the motion for summary judgment. But you answered the complaint, correct? Yes, we answered the complaint. We didn't raise the issue of race judicata, because it wasn't right to do that. The issue of race judicata didn't come up until after the court had decided and ruled upon the trustee's objection. What in the trustee's claim? It didn't deal with the fraud claim. Okay, thank you. The trustee's objection dealt with whether or not the debt, the claim of Lundgras was a claim of the corporation, or whether it inherited to Mr. and Mrs. Buchanan personal. And I think everybody agrees on that. I mean, there is no guarantee of that obligation, but does that foreclose the actual fraud argument that's raised under state law? Well, it does, because at the time that the trustee made his objection, and he objected on the basis of the claims of Lundgras and others, it was incumbent upon Lundgras to show up and resist the trustee's objection. On what grounds would they resist? They would walk in and argue what Mr. Eichmann is intending to argue here today. But didn't they already argue that in their AP? Why would they to raise it in both actions? That's where I'm confused. You can't say there's a guarantee, because there isn't. No, there was no guarantee. You mean by the Buchanan's? No, by how is Mr. Eichmann to come in and resist the trustee's objection about payment from the estate based on the guarantee, because these already raised the fraud issue in the adversary proceeding. And all he needed to do was resist and come in and say, I've got an arguable fraud claim that is the basis for my claim in my proof of claim. And all of those documents that he appended to that, which are the same. But I'm still not understanding, because if Lundgras doesn't care whether they get paid by the estate, what difference does it make if the trustee objects to their claim? I mean, that's all that happens with that proof of claim, is they either get paid from the estate or they don't, correct? Yes, it's correct. I think I'm not following your question and I apologize. That's fine. I don't want to take up your time. Go ahead. Well, I wanted to respond to a couple of things in the appellant's reply brief. Number one, he argues that the Buchanan's didn't raise the defense of race judicata and it was never right to do that until after the appeal time and the request for reconsideration time could have run, at which time we filed our motion for summary judgment and raised the very issue that we're talking about. Second thing, the argument that we haven't raised our objection to the simultaneous proceedings, frankly, number one, I'm not familiar with that, but the Buchanan's raised their objection to owing Lundgras any money consistently and constantly through this proceed, both in the adversary proceeding and at all other times. So to claim that we somehow waived our right to race judicata because of a lack of an objection is simply not true. But isn't that the same argument you're trying to make in order to win this, in order to substantiate Mr. Eichmann's claim? You're saying he has to waive his claim to fraud because he didn't object to it in the claims process, but he's doing that in the APS. So why can you, why is it okay for you not to waive something, but he must waive? But I did raise it at the appropriate time. I couldn't have raised race judicata or any claim issue or debt issue until after the resolution of the claims litigation, the objection by the trustee. The second thing is I'm not even reaching the issue of his claim of fraud because I'm relying upon Judge Saladino's decision and his conclusion that he has already resolved the issue however you resolved it, and he resolved it as to six claimants, five of which didn't bother to show up, that he resolved that issue of whether or not there was a debt owed by the Buchanan's to any one of these people, any one of these corporations. He's already resolved that. He's moved on from that. That being the first element of his examination of the to do that in consideration of the fraud because the fraud would be the second step of that, not the first step. The first step is to determine whether or not there's a debt owed by my clients to the appellant. He resolved that in our favor. The second step would have been to determine whether or not there was fraudulent activity to non-discharge that debt, and he never had to get to that. But the liability, the debt arises from the fraud, not from the claim. Isn't that correct? I mean, granted, there was no guarantee on that debt, but if there's fraud, doesn't that then lead to liability from the Buchanan's? And until the issue of fraud is decided, how can you know whether there's a debt? Well, I guess I would consider it the other way around. Okay. In considering whether or not there's a debt would have to include Lund-Roth coming forward in the trustee's objection to say, hey, I've got a claim here. It's for fraud. It's we shouldn't deal with this here. I'm going to deal with it in the AP and present that to the judge. And I suspect Judge Saladino would have said, fine, we'll set that aside and resolve it in the AP, but we're not, so we're not going to deal with it here. But they didn't bother to show up when they should have. And the court ruled and disallowed their claim. I had a big conclusion, but I'm not sure it's necessary. To me, the issue is pretty simple. The judge, both in ruling on the trustee's objection and in Lund-Roth not bothering to show up or resist in any way to the disalliance of their claim. And I understand the difference between claim and debt, but to disallow their claim, they should have shown up and presented what they had to present. It wouldn't have taken much, but they waived it. I thank you for your time. I'll answer any other questions you might have. If I may ask one question, please. If the claim was disallowed, why didn't you file a 12B6 motion when the complaint was served upon your clients for failure to state a cause of action? The complaint was served on our clients well before the claim was disallowed. And so at the time that we answered the complaint, as a matter of fact, I don't think the proof of claim had yet been filed. So we couldn't have filed a motion to dismiss for failure to state a claim because we didn't have those facts yet. Thank you. Which is the reason we filed the motion for summary judgment. Anything further, Judge Nail or Judge Shermer? No, but I think if Mr. Eichmann wanted his minute and a half for rebuttal, we should probably allow it since we were grilling him so extensively during his opening. Mr. Eichmann, it's your choice. Thank you. I'll take much less than a minute and a half, and I appreciate that, Your Honors. I would just make two quick points. Federal Rule of Civil Procedure 8 requires res judicata to be raised as an affirmative defense or it is waived. The argument is there was made that res judicata didn't exist at the time and couldn't have been raised before the motion for summary judgment. I will remind the panel, the objection was sustained to the proof of claim on July 6, 2020. There was never a motion to amend the answer to include that defense. And on August 17, 2020, the parties were required to file a preliminary pre-trial statement identifying all of it, which would include all of the defenses and objections that the Buchanan's had. They did not identify res judicata. And the last thing I would just indicate, if the panel were to review the summary judgment order in the adversary proceeding, page two, the third full paragraph, the court identifies the seven bases under which the defendants asked for and sought summary judgment, none of which include res judicata. Thank you for your time today. I appreciate that. I ask that the matter be overturned and returned back to the bankruptcy further proceeding. Thank you, counsel. Thank you, everyone. We'll consider the case submitted. Court will be in recess until further notice.